UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SIMON GOLDVEKHT,

                               Plaintiff,

          -against-

LINDA ALHONOTE and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

                               Defendants.

----------------------------------------------------------------X

ORDER
09 CV 794 (JG)(LB)

**BLOOM, United States Magistrate Judge:**

       Plaintiff, Simon Goldvekht, initiated this *pro se* action on February 13, 2009, alleging that defendants Linda Alhonote and the New York City Department of Education discriminated against him in violation of his rights under Title VII of the Civil Rights Act of 1964. The Court held a status conference on January 7, 2010, and set April 30, 2010 as the deadline for the parties to complete all discovery. For the reasons discussed on the record at the conference, plaintiff's action will proceed on his amended complaint, Document 26, *and* on his 2009 failure to promote claims as set forth in Judge Gleeson's September 1, 2009 Order.[1] Document 24. Accordingly, the parties shall conduct discovery solely on these claims.

       Discovery is the process by which the parties request information from each other

---

[1] On September 1, 2009, the Court granted defendants' motion to dismiss but "deem[ed] [plaintiff's] claim amended to allege retaliation claims based on the 2009 failures to promote (1) against the Board under federal, state, and local employment discrimination law and (2) against Alhonote under state and local employment discrimination law." Document 24. With the Court's permission, plaintiff filed an amended complaint on October 5, 2009. Document 26. However, the amended complaint only alleges state law claims. The parties were instructed that the case will proceed on the amended complaint as well as the 2009 retaliation claims deemed to be alleged by Judge Gleeson's Order.



regarding their claims or defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since April 30, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Copies of all requests and responses should be kept; plaintiff should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions, he should contact defendants' counsel and a court reporter to make the arrangements. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendants have not

responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider it. Fed. R. Civ. P. 5.

Defendants shall contact Judge Gleeson to request a pre-motion conference by May 21, 2010 if they intend to move for summary judgment.

SO ORDERED.

/s/
LOIS BLOOM
United States Magistrate Judge

Dated: January 8, 2010
      Brooklyn, New York